UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEE BANK, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BEARBONES, INC., AMARAL )<br>ENTERPRISES, LLC, BRIAN AMARAL, )<br>AND ANTHONY AMARAL, )<br>    Defendants. ) | Civil Action No. 3:17-cv-30120-KAR |

MEMORANDUM AND ORDER

ROBERTSON, U.S.M.J.

On September 11, 2017, defendant Brian A. Amaral ("Amaral") filed a Notice of Removal of the instant action from the Berkshire County Superior Court (Dkt. No. 1). The parties have consented to this court's jurisdiction (Dkt. No. 9). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. While plaintiff Lee Bank ("Lee Bank" or "the Bank") has not filed a motion for remand, the court *sua sponte* issues this memorandum and order remanding the case back to the Berkshire County Superior Court for lack of subject matter jurisdiction.

I.    Background

Lee Bank initiated this action in Berkshire County Superior Court on or about July 31, 2017. According to its verified complaint, Lee Bank is a Massachusetts FDIC regulated savings bank with a place of business located at 75 Park Street, Lee, Massachusetts. The Bank named the following individuals and entities as defendants: Bearbones, Inc. d/b/a Morningside Bakery ("Bearbones"), a corporation organized under the laws of the Commonwealth of Massachusetts; Amaral Enterprises, LLC ("Amaral Enterprises"), a Massachusetts limited liability company; Amaral, an individual who resides in Waterford, New York; and Anthony Amaral, an individual who resides in Pittsfield, Massachusetts.

In its verified complaint, Lee Bank alleges that Bearbones and Amaral Enterprises each entered into Notes with Lee Bank in the principal amounts of $70,000.00 and $115,000.00, respectively. The notes were secured by a first and second mortgage given by Amaral Enterprises on a commercial condominium unit located at 283 Tyler Street, Pittsfield, MA, a property Amaral Enterprises owns and in which Bearbones formerly did business. In addition, Bearbones executed a Loan and Security Agreement with the Bank granting the Bank a first security position in all of its business assets, and each of the defendants executed an Unlimited Guaranty, guarantying repayment of the debts of Amaral Enterprises and Bearbones to Lee Bank.

Lee Bank alleges that the defendants are now in continuing default under the provisions of the Notes, Guarantees, and other loan documents. As a result of the default under the Notes, all obligations due thereunder have been accelerated, and the Bank alleges that it is entitled to payment of the outstanding balance on each of the Notes, in the amounts of $65,414.64 and $123,185.65, plus continuing interest, costs of collection, and attorney's fees as set forth in each Note.

Lee Bank asserts a total of seven counts in its complaint. Six of the counts sound in breach of contract, whether of the Notes or of the Guarantees. The remaining count is for injunctive relief preventing the defendants from interfering with the Bank's right to take possession of the collateral.

II. Discussion

A state court action may only be removed to federal court if it could have originally been filed there. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Brian Amaral filed his Notice of Removal of the present action on the basis of his having asserted a counterclaim under the federal Fair Credit Reporting Act ("FCRA"), presumably attempting to invoke federal-question jurisdiction. Federal-question jurisdiction applies where an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The difficulty for Amaral is that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). It cannot be based on a federal defense or counterclaim, as Amaral attempts to do here. *Id*. *See also Rosselló-González v. Calderón-Serra*, 398 F.3d 1, 10 (1st Cir. 2004) ("'[I]n deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right, and the court is to look only to the *plaintiff's complaint* to find the answer.'" (quoting *Hernández-Agosto v. Romero-Barceló*, 748 F.2d 1, 2 (1st Cir. 1984); *Duquette v. Stern*, No. 11-30005-MAP, 2011 WL 468783, at *1 (Feb. 3, 2011) (noting that "removal jurisdiction based on a federal question stems only on the basis of federal claims in the original complaint and not on defenses or counterclaims"). Here, Lee Bank has not pleaded a federal cause of action in its complaint, and, therefore, it is not removable on the basis of a federal question.

Nor would the complaint be removable on the basis of diversity of citizenship, 28 U.S.C. § 1332, as there is not complete diversity between the plaintiff and defendants. *Halleran v.*

*Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992) ("Diversity jurisdiction requires complete diversity between all the plaintiffs and all the defendants.").

"Regardless of whether the issue is raised by the parties, a district court is required to inquire into and determine whether federal subject matter jurisdiction in a removed action exists." *Stewart v. Atwood*, 834 F. Supp. 2d 171, 177 (W.D.N.Y. 2012) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000)). The court here concludes that it does not.

### III. Conclusion

For the reasons stated herein, this matter is remanded to the Berkshire County Superior Court. The Clerk's Office is directed to return the filed to the Clerk of the Berkshire County Superior Court.

It is so ordered.

October 11, 2017 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge